UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | IN ADMIRALTY |
| vs. | ) | |
| | ) | VERIFIED COMPLAINT OF THE |
| PRINCIPLE RECOVERY SYSTEMS | ) | UNITED STATES |
| LLC; BRET SIMPSON, an individual; | ) | |
| RON REIMER, an individual; PAUL | ) | |
| MOWER, an individual; TONY KIM, an | ) | |
| individual, | ) | |
| Defendants | ) | |
| | ) | |

STUART F. DELERY, Assistant Attorney General
JENNY A. DURKAN, United States Attorney
KERRY J. KEEFE, Chief, Civil Division
R. MICHAEL UNDERHILL, Attorney in Charge
West Coast Office, Torts Branch, Civil Division
ERIC KAUFMAN-COHEN, Trial Attorney
Torts Branch, Civil Division
450 Golden Gate Avenue, Room 7-5395
San Francisco, California 94102-3463
Telephone: (415) 436-6647
Facsimile: (415) 436-6632
e-mail: eric.kaufman-cohen@usdoj.gov

Attorneys for Plaintiff
United States of America

Plaintiff, the United States of America, alleges upon information and belief as follows:

## GENERAL ALLEGATIONS

1.      This is a case of admiralty and maritime jurisdiction against Defendants PRINCIPLE RECOVERY SYSTEMS LLC; BRET SIMPSON; RON REIMER; PAUL MOWER; and TONY KIM *in personam* (collectively "Defendants"), as hereinafter more fully appears, and within Rule 9(h) of the Federal Rules of Civil Procedure.

2.      The United States is authorized to bring this suit pursuant to, *inter alia*, 28 U.S.C. § 1345, 33 U.S.C. §§ 409, *et seq.*, 33 U.S.C. §§ 1321,  2717, and 42 U.S.C. § 9613.

3.      Venue is properly in this Court pursuant to, *inter alia*, 28 U.S.C. §§ 1391 and 1395, 33 U.S.C. § 2717, and 42 U.S.C. § 9613.

4.      The United States also brings this action on behalf of the Oil Spill Liability Trust Fund (hereafter "Fund"), pursuant to the Oil Pollution Act of 1990, 33 U.S.C. § 2701, *et seq.*, to recover any and all removal costs and damages incurred directly by the Fund,  any removal costs and damages incurred by the Fund through compensation paid to any claimant, and all costs incurred by the Fund by reason of any such claims, including interest, prejudgment interest, adjudicative costs, and attorney's fees. Pursuant to the Oil Pollution Act of 1990, 33 U.S.C. § 2712(f), the United States has acquired by subrogation, or may in the future acquire by subrogation, the rights of any claimant or State paid compensation from the Fund, and the United States specifically reserves the

VERIFIED COMPLAINT OF THE UNITED STATES      1

U.S. Department of Justice
Torts Branch, Civil Division
450 Golden Gate Avenue
San Francisco, CA  94102
(415) 4356-6647

right to amend this Verified Complaint to assert any or all such subrogated rights and claims.

5.     At all times material herein, the barge DAVY CROCKETT (hereafter "DAVY CROCKETT" or the "Vessel") was a vessel, *inter alia*, owned and operated in the United States and at all material times hereto was within the jurisdiction of this Court with respect to the matter alleged in this Complaint.

6.     Defendant PRINCIPLE RECOVERY SYSTEMS LLC ("PRINCIPLE RECOVERY"), pursuant to information or belief, was originally a limited liability company formed under the laws of the State Washington. At all material times, PRINCIPLE RECOVERY and all persons and entities using the said company as a purported business front, as well as all alter egos of said company had, and continue to have, places of business and were doing business, and continue to do business, within this district and within the jurisdiction of this Court.

7.     At all times material herein, defendant PRINCIPLE RECOVERY owned the Vessel.

8.     At all times material herein, defendant PRINCIPLE RECOVERY operated the Vessel.

9.     At all times material herein, defendant PRINCIPLE RECOVERY managed the Vessel.

10.     At all times material herein, defendant PRINCIPLE RECOVERY controlled the Vessel.

U.S. Department of Justice
Torts Branch, Civil Division
450 Golden Gate Avenue
San Francisco, CA  94102
(415) 4356-6647

11.     At all times material herein, and by reason of the matters alleged in this Complaint, defendant PRINCIPLE RECOVERY is a "responsible party" within the meaning of the Oil Pollution Act of 1990, 33 U.S.C. § 2701, *et seq*.

12.     At all times material herein, and by reason of the matters alleged in this Complaint, defendant PRINCIPLE RECOVERY, among others, was a "responsible party" within the meaning of CERCLA, 42 U.S.C. § 9601, *et seq*.

13.     Defendant PRINCIPLE RECOVERY was dissolved on or about January 20, 2011.  This action is brought against PRINCIPLE RECOVERY within three years of its being dissolved.

14.     Upon its dissolution, the shareholders of PRINCIPLE RECOVERY, Defendants SIMPSON, REIMER, MOWER, and KIM, became the owners of the Vessel and other property of PRINCIPLE RECOVERY by operation of law.

15.     At all times material herein, defendant BRET SIMPSON was an officer and/or director and/or shareholder and/or employee and/or member and/or joint venturer of PRINCIPLE RECOVERY.

16.     At all times material herein, defendant BRET SIMPSON was an owner of the Vessel by operation of law.

17.     At all times material herein, defendant BRET SIMPSON operated the Vessel.

18.     At all times material herein, defendant BRET SIMPSON managed the Vessel.

VERIFIED COMPLAINT OF THE UNITED STATES     3

19.     At all times material herein, defendant BRET SIMPSON controlled the Vessel.

20.     At all times material herein, and by reason of the matters alleged in this Complaint, defendant BRET SIMPSON, among others, is a "responsible party" within the meaning of the Oil Pollution Act of 1990, 33 U.S.C. § 2701, *et seq*.

21.     At all times material herein, and by reason of the matters alleged in this Complaint, defendant BRET SIMPSON, among others, is a "responsible party" within the meaning of CERCLA, 42 U.S.C. § 9601, *et seq*.

22.     At all times material herein, defendant RON REIMER was an officer and/or director and/or shareholder and/or employee and/or member and/or joint venturer of PRINCIPLE RECOVERY.

23.     At all times material herein, defendant RON REIMER was an owner of the Vessel by operation of law.

24.     At all times material herein, defendant RON REIMER operated the Vessel.

25.     At all times material herein, defendant RON REIMER managed the Vessel.

26.     At all times material herein, defendant RON REIMER controlled the Vessel.

27.     At all times material herein, and by reason of the matters alleged in this Complaint, defendant RON REIMER, among others, is a "responsible party" within the meaning of the Oil Pollution Act of 1990, 33 U.S.C. § 2701, *et seq*.

VERIFIED COMPLAINT OF THE UNITED STATES     4

U.S. Department of Justice
Torts Branch, Civil Division
450 Golden Gate Avenue
San Francisco, CA  94102
(415) 4356-6647

28.     At all times material herein, and by reason of the matters alleged in this Complaint, defendant RON REIMER, among others, is a "responsible party" within the meaning of CERCLA, 42 U.S.C. § 9601, *et seq*.

29.     At all times material herein, defendant PAUL MOWER was an officer and/or director and/or shareholder and/or employee and/or member and/or joint venturer of PRINCIPLE RECOVERY.

30.     At all times material herein, defendant PAUL MOWER was an owner of the Vessel by operation of law.

31.     At all times material herein, defendant PAUL MOWER operated the Vessel.

32.     At all times material herein, defendant PAUL MOWER managed the Vessel.

33.     At all times material herein, defendant PAUL MOWER controlled the Vessel.

34.     At all times material herein, and by reason of the matters alleged in this Complaint, defendant PAUL MOWER, among others, is a "responsible party" within the meaning of the Oil Pollution Act of 1990, 33 U.S.C. § 2701, *et seq*.

35.     At all times material herein, and by reason of the matters alleged in this Complaint, defendant PAUL MOWER, among others, is a "responsible party" within the meaning of CERCLA, 42 U.S.C. § 9601, *et seq*.

//

VERIFIED COMPLAINT OF THE UNITED STATES        5

36.     At all times material herein, defendant TONY KIM was an officer and/or director and/or shareholder and/or employee and/or member and/or joint venturer of PRINCIPLE RECOVERY.

37.     At all times material herein, defendant TONY KIM was an owner of the Vessel by operation of law.

38.     At all times material herein, defendant TONY KIM operated the Vessel.

39.     At all times material herein, defendant TONY KIM managed the Vessel.

40.     At all times material herein, defendant TONY KIM controlled the Vessel.

41.     At all times material herein, and by reason of the matters alleged in this Complaint, defendant TONY KIM, among others, is a "responsible party" within the meaning of the Oil Pollution Act of 1990, 33 U.S.C. § 2701, *et seq*.

42.     At all times material herein, and by reason of the matters alleged in this Complaint, defendant TONY KIM, among others, is a "responsible party" within the meaning of CERCLA, 42 U.S.C. § 9601, *et seq*.

43.     Defendants PRINCIPLE RECOVERY, BRET SIMPSON, RON REIMER, PAUL MOWER, and TONY KIM, as well as other persons or entities whose identities are not yet known, were at all material times, and pursuant to information or belief, acting as agents and alter egos of each other with respect to the matters alleged in this Complaint and action, including, but not limited to, as may be applicable, by and through, *inter alia*, their respective ownership, operation, management, charter, and control of the Vessel.

U.S. Department of Justice
Torts Branch, Civil Division
450 Golden Gate Avenue
San Francisco, CA  94102
(415) 4356-6647

44.     Defendant PRINCIPLE RECOVERY was, and is, a mere sham and was organized and operated as the alter ego of defendants BRET SIMPSON, RON REIMER, PAUL MOWER, and TONY KIM for their personal benefit and advantage, in that BRET SIMPSON, RON REIMER, PAUL MOWER, and TONY KIM have at all relevant times mentioned herein exercised total dominion and control over PRINCIPLE RECOVERY. BRET SIMPSON, RON REIMER, PAUL MOWER, and TONY KIM were the first and, the United States is informed and believes and alleges on information and belief, the only members of PRINCIPLE RECOVERY.   BRET SIMPSON, RON REIMER, PAUL MOWER, TONY KIM and PRINCIPLE RECOVERY so intermingled their personal and financial affairs that PRINCIPLE RECOVERY was, at all material times, the alter ego of BRET SIMPSON, RON REIMER, PAUL MOWER, and TONY KIM.

45.     At all times material herein, and pursuant to information or belief, defendants BRET SIMPSON, RON REIMER, PAUL MOWER and TONY KIM, as well as other persons or entities whose identities are not yet known, but whose identities will be sought in discovery, controlled PRINCIPLE RECOVERY and engaged in improper conduct in their exercise of control over PRINCIPLE RECOVERY in such manner that they pierced the corporate veil of PRINCIPLE RECOVERY and disregarded the separate corporate entity of PRINCIPLE RECOVERY, and its alter egos, instrumentalities, parents, and subsidiaries, such that said persons and entities, including, but not limited to, defendants BRET SIMPSON, RON REIMER, PAUL MOWER and TONY KIM are liable for the debts and liabilities of PRINCIPLE RECOVERY.

U.S. Department of Justice
Torts Branch, Civil Division
450 Golden Gate Avenue
San Francisco, CA  94102
(415) 4356-6647

46.     The United States reserves the right to amend this Complaint when further information becomes known concerning the matters which are the subject of this Complaint, including, but not limited, to the identities of such other persons or entities that may be responsible for the debts and liabilities resulting from the ownership, operation, charter, management, and control of the vessel.

## The Incident

47.     At relevant times, the DAVY CROCKETT constituted an obstruction to the navigation of navigable waters of the United States.

48.     Portions of the hull of the DAVY CROCKETT, including submerged portions of the hull, were breached, such that the vessel was unseaworthy and, further, such that there was ingress and/or egress and/or communication between of river/seawater outside the hull and spaces inside submerged portions of the hull, thereby further rendering the vessel unseaworthy and an obstruction to navigation.

49.     Defendants failed to prevent and remove the obstruction(s) of navigation caused by the Vessel and thereby abandoned the Vessel, thereby putting at further risk the navigation of navigable waters of the United States.

50.     On or about January 27, 2011, USCG Sector Portland received reports of oil pollution on the Columbia River.  Further investigation revealed that the DAVY CROCKETT was the source of the oil.  The investigators determined that oil was being discharged from a submerged portion of the vessel's hull.

VERIFIED COMPLAINT OF THE UNITED STATES        8

U.S. Department of Justice
Torts Branch, Civil Division
450 Golden Gate Avenue
San Francisco, CA  94102
(415) 4356-6647

51.     After Defendants thereafter failed to respond, immediately or otherwise, to the obstruction of navigation and the risk to navigation posed by the Vessel and, *inter alia*, the breach of the Vessel's hull, the United States commenced, at substantial cost, removal and response actions pertaining to the Vessel and its hull.

52.     After Defendants thereafter failed to respond, immediately or otherwise, to the discharge and substantial threat of discharge of oil and hazardous substances from the vessel into navigable waters of the United States, the United States commenced, at substantial cost, removal and response actions.

53.     The removal actions as aforesaid were completed on or after November 17, 2011, and, further, the Final Pollution Report ("POLREP") was issued on May 8, 2012.

54.     Because the response entailed actions concerning, *inter alia*, a derelict and abandoned Vessel that posed an obstruction and major threat to a critically important navigable and commercial waterway of the United States, *i.e.*, the Columbia River, the foregoing removal action undertaken by the United States cost a significant amount of money to complete.

55.     Because the response entailed actions concerning, *inter alia*, the actual discharge and the substantial threat of further discharge of oil and hazardous substances into and upon a critically important navigable and commercial waterway of the United States, *i.e.*, the Columbia River, the foregoing removal action undertaken by the United States cost a significant amount of money to complete.

VERIFIED COMPLAINT OF THE UNITED STATES          9

56.    The foregoing amount of monies expended by the United States as a result of the Defendants' actions as alleged herein is equal to or in excess of $22,309,671.27, plus, as applicable, interest, attorneys' fees, administrative costs, court costs, and other disbursements.

57.    The United States has made demand for payment of from Defendants, by and through Defendant Simpson, said demand having remained unpaid.

58.    In addition to the foregoing sums, on August 12, 2011, Ballard Diving filed a claim with the USCG, National Pollution Funds Center ("NPFC"), seeking to recover $128,628.02 for specified costs incurred during the initial response to the DAVY CROCKETT.  This claim was submitted because none of Ballard Diving's costs had been paid by either Principle Recovery Systems or any of the individual defendants.  In the contingent event that the United States pays all or a portion of said claimed amounts to Ballard Diving, the United States makes demand herein upon the Defendants, and each of them, for all such amounts.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST**

**PRINCIPLE RECOVERY SYSTEMS LLC, BRET SIMPSON, RON REIMER,**

**PAUL MOWER, TONY KIM**

**(OIL POLLUTION ACT OF 1990)**

59.    Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

VERIFIED COMPLAINT OF THE UNITED STATES          10

60.    Pursuant to the Oil Pollution Act of 1990 ("OPA"), each responsible party for a vessel from which oil is discharged, or which poses the substantial threat of discharge, into or upon the navigable waters or adjoining shorelines or the exclusive economic zone of the United States, is strictly liable for all costs, damages, and/or disbursements specified in the Act.

61.    Under the circumstances herein, defendants PRINCIPLE RECOVERY SYSTEMS LLC, BRET SIMPSON, RON REIMER, PAUL MOWER, and TONY KIM are liable to the United States of America, without limitation, for all the aforesaid costs, damages, and/or disbursements sustained by the United States as a result of the OPA Incidents described herein.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST

## PRINCIPLE RECOVERY SYSTEMS LLC, BRET SIMPSON, RON REIMER,

## PAUL MOWER, TONY KIM

## (OIL POLLUTION ACT OF 1990)

62.    Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

63.    Pursuant to the Oil Pollution Act of 1990, the NPFC shall be subrogated to all rights, claims and causes of action of claimants to whom it has paid compensation.

VERIFIED COMPLAINT OF THE UNITED STATES      11

U.S. Department of Justice
Torts Branch, Civil Division
450 Golden Gate Avenue
San Francisco, CA  94102
(415) 4356-6647

64.    As a result of the Incidents described herein, the NPFC may incur costs, damages, and/or disbursements by reason of claims for removal costs and damages brought against it under the Oil Pollution Act of 1990.

65.    Pursuant to the Oil Pollution Act of 1990, defendants PRINCIPLE RECOVERY SYSTEMS LLC, BRET SIMPSON, RON REIMER, PAUL MOWER, and TONY KIM are liable to the United States of America for all such costs, damages, and/or disbursements which may be sustained by the Fund.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST

## PRINCIPLE RECOVERY SYSTEMS LLC, BRET SIMPSON, RON REIMER,

## PAUL MOWER, TONY KIM

## (OIL POLLUTION ACT OF 1990)

66.    Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

67.    Pursuant to the Oil Pollution Act of 1990, 33 U.S.C. § 2717(f)(2), the United States is entitled to, and hereby seeks, a declaratory judgment that is binding in any subsequent action or actions against defendants PRINCIPLE RECOVERY SYSTEMS  LLC, BRET SIMPSON, RON REIMER, PAUL MOWER, and TONY KIM that said defendants are liable for removal costs and damages in any such subsequent action or actions.

//

//

U.S. Department of Justice
Torts Branch, Civil Division
450 Golden Gate Avenue
San Francisco, CA  94102
(415) 4356-6647

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST

## PRINCIPLE RECOVERY SYSTEMS LLC, BRET SIMPSON, RON REIMER,

## PAUL MOWER, TONY KIM *IN PERSONAM*

### (CERCLA, 42 U.S.C. § 9601, et seq.)

68.     Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

69.     Pursuant to CERCLA, owners and, *inter alia*, operators of a vessel from which hazardous substances are released, or which pose the substantial threat of release, into the environment and/or navigable waters of the United States, as such terms are defined at 42 U.S.C. § 9601(25) and authorized by Section 104 of CERCLA, 42 U.S.C. §9604, are strictly liable for all costs, damages, and/or disbursements specified in the Act.

70.     Defendants Principle Recovery LLC, Bret Simpson, Ron Reimer, Paul Mower and Tony Kim, *in personam*, are liable to the United States by virtue of Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for all response costs incurred and to be incurred by the United States in connection with the abatement of the imminent and substantial threat of discharge.

//

//

//

//

//

U.S. Department of Justice
Torts Branch, Civil Division
450 Golden Gate Avenue
San Francisco, CA  94102
(415) 4356-6647

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST

### PRINCIPLE RECOVERY SYSTEMS LLC, BRET SIMPSON, RON REIMER,

### PAUL MOWER, TONY KIM

### (Rivers and Harbors/Wreck Act)

71.     Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

72.     The Vessel constituted an obstruction to navigation on navigable waters of the United States.  Defendants failed to remove the obstruction and threat to navigation, thereby constituting an abandonment of the Vessel within the meaning of the Act. Thereafter, the United States removed the said obstruction and is entitled all costs of removal.

### AS AND FOR A SIXTH CAUSE OF ACTION AS AGAINST

### PRINCIPLE RECOVERY SYSTEMS LLC, BRET SIMPSON, RON REIMER,

### PAUL MOWER, TONY KIM *IN PERSONAM*

### (28 U.S.C. § 3001, et seq.)

73.     Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

74.     Despite the liability, including strict liability, of defendants to the United States, all as alleged in this Complaint, on information and belief defendants PRINCIPLE RECOVERY SYSTEMS LLC, BRET SIMPSON, RON REIMER, PAUL MOWER, TONY KIM, in breach of law, including, but not limited to, in violation of the provisions

VERIFIED COMPLAINT OF THE UNITED STATES     14

of the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, *et seq*., have, *inter alia*, instead of discharging debts owed to the United States, transferred, sold, spun off, and assigned assets so as to prejudice and cause irreparable harm to the United States.

75.    All such actions have caused damages, and will cause damages, to the United States in an amount to be established according to proof at trial.

**AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST**

**PRINCIPLE RECOVERY SYSTEMS LLC, BRET SIMPSON, RON REIMER,**

**PAUL MOWER, TONY KIM**

**PRIORITY OF GOVERNMENT CLAIMS**

**<u>(31 U.S.C. § 3713)</u>**

76.    Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

77.    Despite the liability, including strict liability, of defendants to the United States, all as alleged in this Complaint, on information and belief defendants PRINCIPLE RECOVERY SYSTEMS LLC, BRET SIMPSON, RON REIMER, PAUL MOWER, TONY KIM, in breach of law, have, instead of discharging debts owed to the United States, transferred, sold, spun off, and assigned assets so as to prejudice and cause irreparable harm to the United States.

78.    All such actions have caused damages, and will cause damages, to the United States in an amount to be established according to proof at trial.

VERIFIED COMPLAINT OF THE UNITED STATES      15

U.S. Department of Justice
Torts Branch, Civil Division
450 Golden Gate Avenue
San Francisco, CA  94102
(415) 4356-6647

79.     To the extent that defendants PRINCIPLE RECOVERY SYSTEMS LLC, BRET SIMPSON, RON REIMER, PAUL MOWER, TONY KIM, and/or their officers, servants, employees, representatives, agents, fiduciaries, or other individuals and entities acting on their behalf or with their authorization, have discharged claims or debts to any other person or entity other than the United States, or in the future discharge claims or debts to any person or entity other than the United States in contravention of, inter alia, 31 U.S.C. § 3713, defendants PRINCIPLE RECOVERY SYSTEMS LLC, BRET SIMPSON, RON REIMER, PAUL MOWER, TONY KIM, and/or their officers, servants, employees, representatives, agents, fiduciaries, or other individuals and entities acting on their behalf or with their authorization, are liable to the United States for the amount of any such payments.

80.     With respect to any payments in contravention of 31 U.S.C. § 3713, and pursuant to 31 U.S.C. § 3713(b), any and all officers, servants, employees, representatives, agents, fiduciaries, or other individuals and entities making such payments are personally liable to the United States for the amount of any such payments.

81.     The United States shall amend this Complaint to add as defendants, in their individual capacity, any and all officers, servants, employees, representatives, agents, fiduciaries, or other individuals and entities who, in contravention of 31 U.S.C. § 3713(a) and(b), have already discharged, or in the future discharge, claims or debts to any person or entity other than the United States.

//

VERIFIED COMPLAINT OF THE UNITED STATES      16

**WHEREFORE**, the United States of America prays as follows:

1.      That United States of America be granted judgment against PRINCIPLE RECOVERY SYSTEMS LLC, BRET SIMPSON, RON REIMER, PAUL MOWER, and TONY KIM, *in personam*, pursuant to the complaint of the United States herein;

2.      That the United States of America be granted declaratory judgment against PRINCIPLE RECOVERY SYSTEMS LLC, BRET SIMPSON, RON REIMER, PAUL MOWER, and TONY KIM, *in personam*, for removal costs or damages binding on any subsequent action or actions to recover further removal costs or damages, plus interest, costs, disbursements, and attorneys' fees;

3.      That the United States have judgment and such other relief as may be appropriate, up to and including the amount of judgment rendered against Defendants herein, as and against any person or entity who misused the corporate form of in such manner that they pierced the corporate veil of PRINCIPLE RECOVERY LLC, and disregarded the separate corporate entity of PRINCIPLE RECOVERY LLC;

4.      That the United States have judgment and such other relief as may be appropriate, up to and including the amount of judgment rendered against Defendants herein, as and against any alter egos, instrumentalities, parents, and subsidiaries of defendant PRINCIPLE RECOVERY LLC, said person or entity who misused the corporate form of PRINCIPLE RECOVERY LLC, said alter egos, instrumentalities, parents, and subsidiaries being liable for the debts and liabilities of PRINCIPLE RECOVERY LLC;

U.S. Department of Justice
Torts Branch, Civil Division
450 Golden Gate Avenue
San Francisco, CA  94102
(415) 4356-6647

5.     That the United States have constructive trusts as and against any and all assets of the Defendants, said constructive trusts being available to satisfy the amounts due and owing to the United States pursuant to the matters alleged in this complaint;

6.     The United States expressly reserves the right to amend this complaint to add parties and/or causes of action, as may be necessary;

7.     For such other relief as the Court deems just and proper in the premises.

Dated: January 16, 2014                STUART F. DELERY
                                       Assistant Attorney General
                                       JENNY A. DURKAN
                                       United States Attorney
                                       KERRY J. KEEFE
                                       Assistant United States Attorney
                                       R. MICHAEL UNDERHILL
                                       Attorney in Charge, West Coast Office


                                       s/ Eric Kaufman-Cohen
                                       ERIC KAUFMAN-COHEN
                                       Trial Attorney
                                       U. S. Dept. of Justice


                                       Of Counsel

                                       THOMAS H. VAN HORN
                                       National Pollution Funds Center
                                       United States Coast Guard

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

VERIFIED COMPLAINT OF THE UNITED STATES      18

**VERIFICATION**

Eric Kaufman-Cohen says:

I am one of the attorneys for plaintiff, United States of America, herein, and make this verification by authority for and on its behalf; I have read the foregoing Complaint, know the contents thereof, and from information officially furnished to me believe the same to be true.

I verify under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: January 16, 2014.                    s/ Eric Kaufman-Cohen
                                             ERIC KAUFMAN-COHEN

VERIFIED COMPLAINT OF THE UNITED STATES     19                    U.S. Department of Justice
                                                                  Torts Branch, Civil Division
                                                                  450 Golden Gate Avenue
                                                                  San Francisco, CA  94102
                                                                  (415) 4356-6647